IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE <br> AND LIABILITY INS. CO., *et al.*, <br> Plaintiffs, <br> <br> v. <br> <br> ALBAN LAMONT VANZANDT, *et al.*, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | <br> <br> <br> <br> CIVIL ACTION H-14-2343 |

**MEMORANDUM OPINION & ORDER**

Pending before the court are four motions to dismiss by: 1) Jessica Teneyuque Gonzalez, Herminia Ramirez, and Higinio Gonzalez Jr. (Dkt. 10); 2) Patricia Bilbrey Martinez (Dkt. 11); 3) Sonia Arce (Dkt. 12); and 4) Laura Martinez (Dkt. 13). Defendants seek dismissal on the basis of Rule 12(b)(1) for lack of jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs have responded to all motions in a single response. Dkt. 16. Given the nearly identical content of defendants' motions, the court addresses all four motions together.

**I. BACKGROUND**

Zurich American Insurance Company ("Zurich") and American Guarantee and Liability Insurance Company ("American") (collectively, the "plaintiffs") provide insurance to a company called Clean Harbors. It is undisputed that both policies provide coverage for damages that Clean Harbors must pay as a result of a permissive user of an automobile causing bodily injury or property damage.[1] *See* Dkts. 7 at 12, 10 at 3–4, 11 at 3, 12 at 3. This dispute is about whether the insurance

---

[1] Zurich provides a primary policy and American provides an umbrella policy for claims that are in excess of the primary policy's limits. Dkt. 7 at 7, 10.

companies have a duty to defend and indemnify Clean Harbors employee Mr. Vanzandt in a lawsuit against him and Clean Harbors.

Plaintiffs' recap of the facts of the underlying case is instructive. The underlying complaints allege that Mr. Vanzandt was working out of Kansas. After work on April 8, 2013, Mr. Vanzandt drove himself and two other Clean Harbors employees in his company truck to several different venues where the group consumed alcohol. When Mr. Vanzandt was driving the group back to their hotel at 3 a.m., he had an accident on the highway near Wichita, Kansas that killed both passengers. Soon after the accident, Mr. Vanzandt's blood alcohol concentration was measured at 0.15 percent. He was charged under Kansas law with driving while impaired and he pled guilty to two counts of Involuntary Manslaughter. *Id.* at 5, 7. Mr. Vanzandt is currently serving a 38-month prison sentence. *Id.*

As a result of the accident, claims were filed against Mr. Vanzandt and Clean Harbors for actual and exemplary damages by the estates and heirs of the two employees who were killed. *Id.* at 6. Because the claim involved the driving of a Clean Harbors truck, plaintiffs—Clean Harbors' insurance carriers—became involved in the underlying case. Plaintiffs have disclaimed any duty to defend Mr. Vanzandt in the underlying case because he was not a permissive user of a company vehicle at the time of his accident. In this case, plaintiffs seek a declaration that 1) Mr. Vanzandt was not a permissive user of a company vehicle at the time of his accident; 2) plaintiffs have no duty to defend Mr. Vanzandt in the underlying lawsuit, and 3) plaintiffs have no duty to indemnify Mr. Vanzandt for the claims brought against him. *Id.* at 13.

Defendants respond that Texas law imposes a duty to defend if there is even arguably coverage based on the face of the petition and policy. Dkt. 10 at 3. Defendants point to facts in the

2

petition of the underlying case to show that Mr. Vanzandt had implied permission to drive the car at the time of the accident, despite the fact that he had been drinking. Therefore, defendants claim, there is a duty to defend and the motions to dismiss should be granted. *Id.*

## II. LEGAL STANDARD

### A. *Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction*

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). Parties may use this rule to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 284 F.3d 158, 161 (5th Cir. 2001). Generally, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* "The burden of proof in such a challenge is on the party asserting jurisdiction." *Id.* However, "there is no mandatory sequencing of jurisdictional issues," and "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431, 127 S. Ct. 1184, 1191 (2007) (internal quotations omitted). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders*, 143 F.3d at 1010.

### B. *Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*,

699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679. Because "a Rule 12(b)(6) motion is viewed with disfavor and rarely granted, a complaint may not be dismissed unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (emphasis added) (internal quotations omitted).

### III. Law & Analysis

#### A.   *Rule 12(b)(1) Basis of Dismissal*

Plaintiffs' complaint asserts diversity jurisdiction under 28 U.S.C. § 1332, explaining that plaintiffs are citizens of New York with their principal place of business in Illinois, defendants and the interested parties are all citizens of states other than New York and Illionis, and more than $75,000 was in controversy. While the beginning paragraphs of defendants' motions reference Rule 12(b)(1), defendants do not elaborate on this argument in any way. They certainly do not challenge plaintiffs' factual assertions supporting its claim to diversity jurisdiction. While it is plaintiffs' burden to establish the subject matter jurisdiction of the court to hear their claim, plaintiffs have

asserted uncontroverted facts that establish the elements of diversity jurisdiction. Accordingly, defendants' motion to dismiss under Rule 12(b)(1) is DENIED.

### B. Rule 12(b)(6) Basis of Dismissal

Defendants have not moved for summary judgment, which would require the court to decide whether or not there is a duty to defend. Instead, they have moved for dismissal under Rule 12(b)(6), which merely requires a determination of whether plaintiffs have stated a plausible claim.

Defendants solely cite Texas law to support their motion to dismiss. The court assumes, without deciding, that Texas law applies.[2] Under Texas law, "[a]n insurer's duty to defend is determined by the allegations in the pleadings and the language of the insurance policy." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997). A court considering whether a duty to defend exists, compares the facts in the underlying complaint to the insurance policy to determine whether the facts clearly show coverage or not. *Id.* At that point, if there is any doubt as to whether the policy provides coverage, the doubt is resolved in the insured's favor. *Id.*

It is undisputed that the duty to defend in this case hinges on whether Mr. Vanzandt was a permissive user of the Clean Harbors truck he was driving. The court focuses on whether Mr. Vanzandt had implied permission to drive the vehicle at the time of the accident, because neither party has alleged that Mr. Vanzandt had express permission.

---

[2] Plaintiffs contend that the substantive tort law and insurance law of the State of Kansas should apply to both the underlying case and this matter, but that the Court need not resolve any choice of law issues at this juncture because plaintiffs have stated a claim under Texas law, which resolves defendants' motion to dismiss on the basis of Texas law. Dkt. 16 at 4 n.4, 7 n.7.

Plaintiffs plead that Clean Harbors' company policy prohibits employees from operating a company vehicle after they have consumed alcohol. Dkt. 1 at 6–7. At the time of the accident Mr. Vanzandt was driving a company truck after consuming alcohol.[3] Plaintiffs assert that because Mr. Vanzandt was doing something prohibited by the company, he did not have implied permission to use the Clean Harbors truck at the time of the accident. Therefore, plaintiffs continue, Mr. Vanzandt was not a permissive user and there is no duty for plaintiffs to defend him.

Whether or not the argument is ultimately successful, particularly given that doubts of coverage favor the insured, plaintiffs' claim is at least plausible. Accordingly, defendants' motions to dismiss under Rule 12(b)(6) are DENIED.

### IV. Conclusion

For the foregoing reasons, defendants' motions to dismiss are **DENIED**.

It is so **ORDERED.**

Signed at Houston, Texas on March 30, 2015.

_____
Gray H. Miller
United States District Judge

---

[3] Defendants do not challenge plaintiffs' assertion that Mr. Vanzandt's blood alcohol concentration was 0.15 percent soon after the accident. Dkt. 1 at 6–7.